MORTGAGE DISCOUNT CO., INC., v.
TOLMAS

(November 17, 1930. Opinion and Decree.)

Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellant.

Sidney G. Roos, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Mortgage Discount Company, Inc., formerly holder of a mortgage note, brings this action against Mrs. Tolmas, seeking to obtain a deficiency judgment for the balance remaining unpaid after the foreclosure on the said note and the application to the debt due by the mortgagor of the proceeds of the sale at executory process.

It is not denied that the mortgage note was executed and we find no serious controversy over the claim that at the foreclosure sale the property did not bring a sum sufficient to pay the debt, nor does defendant, with any apparent confidence, contest the amount claimed as representing the deficiency. It is contended, however, that the mortgage note was given in partial payment for certain real estate purchased and that the purchase of the said real estate had been induced by fraudulent misrepresentations as to the kind of land and the development to be undertaken thereon and nearby.

When an attempt was made to introduce evidence in support of the charges of fraud the district court sustained objections thereto, ruling that, as the Mortgage Discount Company, Inc., was a third holder of the mortgage note and had not sold the real estate in question to the mortgagor, its rights as holder could not be prejudiced by any fraudulent misrepresentations of others with reference to the property.

Such a ruling would, of course, have been correct, were it not for the fact that the answer alleges not only that the officials of Stafford, Derbes & Roy, Inc., vendors of the property, had made the fraudulent misrepresentations, but also that that corporation and Mortgage Discount Company, Inc., knew of the said fraud and, in effect, were parties thereto. The pertinent allegation contained in the answer reads as follows:

"Respondent further avers, upon belief, that the members of Stafford, Derbes & Roy are the stockholders and members of the Board of Directors of the Mortgage Discount Company, Incorporated, the plaintiff in this matter, and that the said cor-

poration knew and it had cause to know of the fraudulent misrepresentation which had been made in connection, both, with the Bond for Deed on the property in question, and the act of sale which went through, and the note on which the said plaintiff is now attempting to sue; that the said plaintiff is now attempting to avail itself of a transaction which it knew at the time the Bond for Deed was passed, and which it continued to know and now knows was based on fraudulent misrepresentation; that none of the warranties herein referred to in connection with the said subdivision has ever been carried out and respondent, on information and belief, avers that they will never be carried out; that respondent is entitled to have the return to her of the note herein sued upon with reservation to her of her rights to sue for all moneys paid in to the said Stafford, Derbes & Roy, or their agents, and others on account of the said transaction."

The above language and the answer read as a whole amount to a charge that there was a kind of conspiracy between the two concerns, which had for its object the fraudulent inducement of unsuspecting purchasers by the one concern and the transfer of the mortgage note or notes to the other to the end that that other might, as a supposed innocent third holder, bring suit without the possibility of being embarrassed by charges of fraud.

Of course, we do not mean to hold that the facts are as alleged by defendant, but, in view of the allegations, we are of the opinion that defendant should be given an opportunity to introduce such evidence as may be available in support thereof.

Strange to say, although all evidence in regard to the alleged fraud was excluded, the jury returned a verdict for defendant.

Counsel for the defendant in oral argument frankly admits that the judgment in favor of his client, unsupported by evidence, should not be affirmed, but urges us to remand the matter so that the evidence which was excluded may be heard. We will act accordingly.

The judgment appealed from is annulled, avoided and reversed and the matter is remanded to the district court for further proceedings according to law, and not inconsistent with the views herein expressed, costs of this appeal to be paid by appellee; all other costs to await final judgment.

HIGGINS, J., takes no part.